BOROUGH OF NANTY-GLO and Lower Yoder Municipal Authority to the Use of WESTINGHOUSE CREDIT CORPORATION, Plaintiff,

v.

FIREMAN'S FUND INSURANCE COMPANY, Defendant.

Civ. A. No. 65-914.

United States District Court
W. D. Pennsylvania.

Feb. 2, 1966.

Donald C. Winson, of Eckert, Seamans & Cherin, Pittsburgh, Pa., for plaintiff.

Harold Gondelman, of Jacobson & Gondelman, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The plaintiff, Westinghouse Credit Corporation, instituted this action claiming judgment against the defendant, Fireman's Fund Insurance Company, in the sum of $135,844, with interest and costs. The cause of action allegedly arises as a result of construction contracts executed by Stanton Construction Company, as contractor, and the Borough of Nanty-Glo and Lower Yoder Municipal Authority, respectively, as contractees, in which contracts Stanton, as principal, and the defendant, as surety, executed two bonds, attached to the complaint as Exhibits A and B, and providing for payment, inter alia, for equipment rented in the prosecution of the work.

It appears from the complaint that pursuant to three leases Rockwood Equipment Leasing Company leased certain equipment to Stanton to be used in whole or in part on the Nanty-Glo and Lower Yoder construction projects. Thereafter Rockwood assigned these leases to Westinghouse, the plaintiff, on which, it is alleged, Stanton defaulted on its rental payments to the extent of the judgment sought.

The defendant filed a motion to dismiss plaintiff's complaint under Rule 12 (b) (7), Fed.R.Civ.P., for the following reasons:

1. The Borough of Nanty-Glo and Lower Yoder Municipal Authority are improperly named in the complaint as parties plaintiff to the use of Westinghouse Credit Corporation.

2.  Stanton Construction Company is the principal debtor and its rights will be adjudicated in the within proceedings so that it is an indispensable party plaintiff.

3.  Rockwood Equipment Leasing Company is allegedly the assignor of the claims for rental of equipment to Westinghouse as assignee, and its rights will be adjudicated in the within proceedings so that it is an indispensable party plaintiff.

The wherefore clause in the motion seeks a dismissal of the complaint or, in the alternative, to compel plaintiff, Westinghouse, to delete the Borough of Nanty-Glo and Lower Yoder Municipal Authority as named plaintiffs and join Rockwood and Stanton as parties plaintiff.

No affidavits were submitted.

■ In our opinion, Westinghouse is the real party in interest and therefore the names of the municipalities should be stricken from the caption of the case. Rules 17(a) and 21, Fed.R.Civ.P.

■ Further, in our opinion, Stanton Construction Company is not an indispensable party plaintiff.  An examination of the bonds attached to the complaint discloses that they are contracts of suretyship.  We are not aware of any authority nor has the defendant brought any to our attention in which it has been held, or even contended, that the principal as a matter of law is an indispensable party plaintiff in an action against the surety.

■ Finally, in our opinion, Rockwood Equipment Leasing Company, the assignor of the leases to Westinghouse is not an indispensable party plaintiff. An assignor is generally neither a real party in interest nor an indispensable party.  2 Barron and Holtzoff, Federal Practice and Procedure, § 482, pp. 14–19; § 512, pp. 102–104;  § 513.2, p. 111;  3 Moore, Federal Practice, ¶ 17.09, p. 1339; Wright, Federal Courts, pp. 257–258 (1963).

An appropriate order will be entered.